IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVIN VENTURA, *et al.* | * | |
| | * | |
| PLAINTIFFS | * | |
| | * | |
| v. | * | Case No.:  15-cv-3986-WGC |
| | * | |
| SECURITY ONE SOURCE, LLC, *et al.* | * | |
| | * | |
| DEFENDANTS. | * | |

JOINT MOTION AND MEMORANDUM FOR APPROVAL OF SETTLEMENT
AGREEMENT AND FOR DISMISSAL, WITH PREJUDICE

The parties to this action jointly seek approval of the Settlement Agreement resolving Plaintiffs' claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and additional counts under Maryland state law.  *See* Settlement Agreement attached hereto as Exhibit 1.  Insofar as this action involves Plaintiffs' claims under the FLSA, the reasonableness of the Settlement Agreement is subject to Court approval.

**I.      THE COURT SHOULD APPROVE THE ACCEPTANCE**

In evaluating the reasonableness of an FLSA settlement, Courts generally consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs;  (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10-11 (E.D. Va. 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)).

The resolution here is a fair and reasonable resolution of the dispute.  As to the first factor, the parties have participated in written discovery exchanging facts and details related to Plaintiffs' alleged employment and taken into account disputes as to Plaintiffs' status as employee or contactor and the disputes and difficulties relating to accurately calculating Plaintiffs' exact hours worked and potential damages in dispute.

In defense, Defendants assert first and foremost that Plaintiffs were not employees but rather were contractors under Federal and Maryland law.  Second, Defendants assert that if Plaintiffs were employee, Defendants paid Plaintiffs fully in compliance with Federal and Maryland law.  Finally, Defendants dispute the number of hours that Plaintiffs claim to have worked.  Ultimately, the legal and factual disputes at issue in this matter would likely have forced the case potentially all the way to a trial on the merits based on potentially disputed facts as to Plaintiffs' status as employee or contractor and claimed hours worked.

As to the third factor, in negotiating the resolution amount, the parties negotiated with a United States Magistrate Judge.  There was no fraud in the agreement between the parties.  The parties were given an opportunity to consider the potential value of the claims and strongly consider the strength of Defendants' defenses.  Plaintiffs concluded the Settlement Amount provides a fair and reasonable resolution of their claims.  Defendants supports this result because it eliminates the costs, uncertainties, and risks of further litigation.

As to the fourth factor, Plaintiffs' counsel and Defendants' counsel are experienced in investigating, litigating, and settling employment matters, including FLSA claims. Counsel for the parties are well equipped to advise, and have advised, the parties as to the suitability of the resolution in this case.

The fifth factor is not relevant here.  Plaintiffs never moved for conditional certification

and this matter was never certified or conditionally certified as a collective action. Plaintiffs have resolved only their individual claims against Defendants.

As to the sixth factor, a resolution of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*

Here, the parties took into account the possibility that a finder of fact may determine that (1) that Defendants did not violate the FLSA or Maryland state law; (2) that any violation of the FLSA or Maryland state law may be found to have been made in good faith; (3) that any violation of the FLSA or Maryland state law may be found to not be willful; and (4) that even if successful, Plaintiffs could recover less than the Settlement Amount.

Each of the foregoing issues was the subject of a *bona fide* dispute between the parties. The parties also took into consideration the uncertainty and risks in litigation involving the Court's eventual determination of the propriety of the rate and method by which Defendants paid Plaintiffs and how many hours Plaintiffs worked in each given workweek and the costs that each party will incur if the litigation continues.

## II.    CONCLUSION

Therefore, the parties jointly request that this Court approve the Settlement Agreement as fair and reasonable and dismiss this matter, with prejudice.

Respectfully submitted

___/s/ Gregg C. Greenberg_____  ____
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone:  (301) 587-9373
Fax: (301) 587-9397
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiffs*


___/s/___William Ray Ford_____
William Ray Ford, Bar No. 00670
9410 Brandywine Road
Clinton, Maryland 20735
Phone:  (301) 856-5529
Fax:  (301) 857-0312
Email:  rayfordlaw37@aol.com

*Counsel for Defendants*