**MUTUAL RELEASE AND SETTLEMENT AGREEMENT**

This Settlement Agreement and Mutual Release (hereinafter "Agreement") is hereby entered into on this _____ day of June, 2016, by and between Marvin Ventura and Saul Padilla Rodriguez ("Plaintiffs") and Security One Source, LLC and Tam Lee Cragg ("Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties"). This Agreement sets forth the understandings and resolutions between the parties.

WHEREAS, Plaintiffs have brought a lawsuit against Defendants in the United States District Court for the District of Maryland: Case No. 15-cv-3986 (the "Case") for alleged violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 et seq. ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., and as a private right of action for violations of 26 U.S.C. § 7434 (Tax Fraud). The factual details of Plaintiffs' claims are set forth as follows:

WHEREAS, Defendants deny and have denied liability in this matter.

WHEREAS, the Parties have entered into this Agreement to resolve a good faith dispute as to possible entitlements to unpaid wages and damages under Federal or Maryland law and therefore the parties desire to resolve all matters and disputes concerning unpaid wages and related relief between them amicably so to avoid any further litigation;

NOW THEREFORE, it is hereby agreed between Plaintiffs and Defendants to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them, accordingly,

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1

1. **<u>Settlement Payments.</u>**  Defendants agree to pay Plaintiffs the total gross sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) ("Settlement Amount"), in full and final satisfaction of any and all claims, including all claims for attorneys' fees and costs, liquidated damages, and unpaid wages.

   a. The Settlement Amount shall represent payment curing any and all disputed claim for unpaid wages and statutory damages by Plaintiffs and payment curing any and all disputed claim for attorney's fees and costs to Plaintiffs' attorneys Zipin, Amster & Greenberg, LLC.

   b. Defendant shall pay the Settlement Amount in two (2) payments according to the following schedule:

      i.  On or before July 15, 2016:        $55,000.00; and

      ii. On or before August 15, 2016:      $20,000.00.

   c. All payments of the Settlement Amount shall be payable to the order of Plaintiffs'' counsel, Zipin, Amster & Greenberg, LLC and delivered c/o Gregg C. Greenberg, Esq. Zipin, Amster & Greenberg, LLC 8757 Georgia Avenue, Suite 400 Silver Spring, Maryland 20910.

   d. In the event that Defendants fail to pay any of the Settlement Amount that is due and owing on time and in the full amount as set forth above; Plaintiffs shall have the right to immediately file the attached Confessed Judgment incorporated herein by reference. In such an event that Plaintiffs file the Confessed Judgment and incur any attorney's fees and/or costs associated with the prosecution or collection associated with the Confessed Judgment, Defendants shall pay all of Plaintiffs' attorney's fees and costs incurred.

    e.   Plaintiffs agree each shall bear full responsibility for any and all tax liabilities owed by each Plaintiff that may arise in relation to this Agreement

**2.**   **<u>Mutual Release.</u>**

In exchange for good and valuable consideration identified in this Agreement, each party hereby irrevocably and unconditionally waives and fully releases any and all claims she or it may have against the opposite party (Plaintiffs waive and release claims against Defendants and Defendants waive and release claims against Plaintiffs) of any matter, specifically forgiving any unpaid debts, conduct or omission occurring on or before the date the Parties sign this Agreement and including any and all employment statutes.  **This is a general and complete full mutual release of all claims by all parties and is to be construed in its broadest sense as a fully and general mutual release.**

    **3.**   **<u>Confidentiality.</u>**   The Parties agree the terms of this Agreement are strictly confidential and shall not be shared or discussed with any third party or with the media.  The Parties shall not be deemed in violation of this subsection if they discuss the Agreement with (1) their spouse; (2) their accountant or tax preparer; (3) their attorneys; or (4) if subjected to a Subpoena or otherwise legally required to discuss the Agreement.

    **4.**   **<u>Non-Disparagement.</u>**  The Parties agree that neither will disparage the person, good will, or reputation of the opposite party (Plaintiffs will not disparage Defendants or its owners and Defendants will not disparage Plaintiffs).

    **5.**   **<u>Dismissal of Suit.</u>**  The Parties, through counsel, shall work cooperatively in good faith to expeditiously file and obtain Dismissal of the Case, With Prejudice through the filing of a Joint Motion for Court Approval of the Settlement Agreement.

**6.     No Admission.**  The Parties, by reason of agreeing to this compromise and agreement deny liability of any and every sort and state that they have made no agreement to do or omit to do any act or thing not set forth herein. The Parties further state that this Agreement is entered into as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including further developments thereof, in any way growing out of or connected with the Claims.

**7.     No Assignment.**  Plaintiffs represent neither have assigned, transferred, or purported to assign or transfer, to any person or entity, any claim against Defendants or portion thereof or interest therein.

**8.     Governing Law and Interpretation.**    The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of the State of Maryland.

**9.     Severability.**  The Parties agree that, if any terms of the above provisions of this Agreement are found inoperative the remaining provisions will remain in full force and effect.

**10.    Entire Agreement.**   The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the agreement among the Parties.

**11.    Joint Participation and Negotiation of Agreement.**   The Parties represent they have read this Agreement, that they understand all of its terms, that they have fully discussed the terms of this Agreement with an attorney of their choice and do hereby enter into this Agreement voluntarily, of their own free will, and with knowledge of its meaning and effect.

**12.    Amendment.**  The Parties agree that this Agreement shall not be modified except by a writing signed by each of the Parties hereto.

13. **Counterpart Signatures.** The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in a single document. Facsimiles and/or copies shall have the full legal weight as the original.

IN WITNESS WHEREOF, the Parties have executed this Agreement:

_____             Dated: _____
MARVIN VENTURA

_____             Dated: _____
SAUL PADILLA RODRIGUEZ

_____             Dated: _____
TAM LEE CRAGG

_____             Dated: _____
SECURITY ONE SOURCE, LLC